# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

IN RE:

JULIE PERKINS PINSON                                    Case No. 05-16579

             Debtor

## ORDER DENYING CLARENDON NATIONAL INSURANCE COMPANY'S MOTION TO DISMISS SINCE IT DID NOT NEED TO SEEK LEAVE OF COURT TO FILE AN OBJECTION TO DISCHARGEABILITY OF ITS DEBT UNDER 11 U.S.C. § 523(a)

> Robert M. Galloway, Attorney for Debtor, Galloway, Smith, Wettermark & Everest, LLP, Mobile, AL
> Michael Gillion and Scott W. Hunter, Attorneys for Clarendon National Insurance Company, Michael Gillion, P.C., Mobile, AL

This matter came before the Court on Clarendon National Insurance Company's ("Clarendon") motion to dismiss the debtor's case. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is denying Clarendon's motion to dismiss since it did not need to seek leave of Court to file an objection to dischargeability of its debt under 11 U.S.C. § 523(a).

## FACTS

Ms. Pinson filed a chapter 7 case on October 14, 2005. She failed to list either Ronald E. Kopesky or Clarendon in her schedules. The first meeting of creditors was initially set on November 21, 2005. The last day to object to the dischargeability of a debt was January 16, 2006. Clarendon, however, filed the instant motion to dismiss on February 15, 2006.

_____Clarendon's motion to dismiss states that on June 24, 2004, Mr. Kopesky obtained a

judgment against the debtor in the amount of $850,000.[1]  On or about September 7, 2005, Mr.

Kopesky assigned the judgment to Clarendon.[2]  The debtor concedes that neither Mr. Kopesky

nor Clarendon were listed on her schedules and, as a result, they did not receive *formal* notice of

the bankruptcy.  Clarendon argues that it did not receive *any* notice of the debtor's bankruptcy

case until February 13, 2006, "when [d]ebtor's attorney faxed a copy of the Notice of the

Meeting of Creditors to [Clarendon's] counsel's office, in response to a Subpoena served on

[d]ebtor to attend a deposition in aid of Execution."[3]  The debtor filed a response on February 23,

2006.  In her response, the debtor claims that she had no knowledge that such judgment had been

entered against her.

The Court held a hearing on March 13, 2007.  At the hearing, the Court was informed that

the underlying case upon which Mr. Kopesky obtained a judgment against the debtor was an

action filed by Mississippi Valley Title Insurance Company ("Mississippi Valley") against Mr.

Kopesky.  The debtor was a third-party defendant in the case, and Mr. Kopesky was a third-party

plaintiff.  The debtor testified that she was served with a complaint regarding this case and was

aware that Mississippi Valley had a potential claim against her.  In fact, she listed Mississippi

Valley as a creditor on her schedules.  However, she alleges that she was not aware that Mr.

Kopesky was involved in the case at all.  On cross-examination, the debtor admitted that she did

not read the entire complaint served upon her and that she took no action on the complaint

---

[1]A copy of the default judgment was offered and received into evidence at the hearing as Clarendon Exhibit A.

[2]A copy of such written assignment was offered and received into evidence at the hearing as Clarendon Exhibit B.

[3]A copy of this fax was offered and received into evidence at the hearing as Clarendon Exhibit C.

2

thereafter.

During argument, both attorneys stated that Mr. Kopesky has been experiencing medical problems which have affected his memory. Both attorneys conceded that, at one point, Mr. Kopesky stated that he had no notice of the debtor's bankruptcy case prior to January 16, 2006, i.e. the last day to file objections to dischargeability. Both attorneys also conceded that during deposition testimony conducted on October 19, 2006, Mr. Kopesky stated that he was made aware of the debtor's bankruptcy case prior to January 16, 2006.[4] The Court has read Mr. Kopesky's deposition testimony and finds his testimony lacks the uniformity necessary to sustain either party's assertion.

## LAW

The debtor's chapter 7 case is a no asset case. The debtor contends that, if Clarendon does own a judgment against her, it is an unsecured debt that is nonetheless dischargeable in a no asset case such as hers. The debtor also claims that an issue of fact still exists regarding whether Clarendon had actual notice of the debtor's bankruptcy case.

As a result of the debtor's failure to list it in her schedules, Clarendon seeks either (1) a dismissal of the case, or (2) "an additional sixty (60) days to file . . . an adversary complaint to determine dischargeability, since the deadline expired before Clarendon received any notice of this Bankruptcy."

The Court is confronted with two issues: (1) Did Clarendon have notice of the debtor's bankruptcy, and, if not, (2) Does Clarendon still have the right to object to the discharge of the

---

[4]Mr. Kopesky's deposition testimony was offered and received into evidence at the hearing as Clarendon Exhibit D.

3

debt owed it?  The Court concludes that the current dispute centers around 11 U.S.C. § 523(a)(3).

*NOTICE*

The burden of proof rests with the debtor to prove that the creditor had "notice or actual notice" under Section 523(a)(3).  *United States v. Small Bus. Admin.*, 894 F.2d 108, 111 (5th Cir. 1990).  The debtor claims that an issue of fact still exists regarding whether Clarendon had notice of the bankruptcy case.  However, the debtor has not provided any evidence that Clarendon did, in fact, have such notice.  Therefore, the Court finds that the debtor has failed to meet her burden.

*MOTION TO DISMISS*

Clarendon requests the Court to either dismiss the debtor's case or allow it an additional 60 days to file an adversary complaint to determine the dischargeability of its debt.  The Court declines to dismiss the case at this time but will discuss Clarendon's request for additional time to object to discharge.

Section 523(a)(3)(A) provides that a debtor is not discharged from any debt that is neither listed or scheduled in time to permit, "if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . . "  However, Section 523(a)(3)(A) is never triggered in a no asset case since the Court never sets a deadline to file proofs of claim and creditors are not required to file proofs of claim unless and until assets have been recovered for distribution.  No assets have, as of yet, been recovered for distribution in the debtor's case.  As such, no time frame has been set for filing proofs of claim.  Therefore, since Bankruptcy Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time[,]" Clarendon may pursue an objection to dischargeability with regard to any Section 523 ground

4

other than Sections 523(a)(2), (4), and (6) pursuant to the authority provided under Bankruptcy Rule 4007(b) .

Clarendon's right to file a complaint to determine dischargeability of its debt also extends to Sections 523(a)(2), (4), or (6).  Section 523(a)(3)(B) provides that a debtor is not discharged from any debt that is neither listed or scheduled in time to permit, "if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . . "

> Read literally, section 523(a)(3)(B) would not apply to no-asset cases.  This is the plain language of section 523(a)(3)(B) provides that a debt of the kind specified in subsections (a)(2), (4), or (6) is not discharged if the debt is "neither listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim and timely request for determination of dischargeability of such debt under one of such paragraphs." . . .  Thus, two conditions must be satisfied in order for a fraud-type debt to be found nondischargeable: first, the nonlisting of the debt must have prevented the creditor from having timely filed a proof of claim, and second, it must have prevented the creditor from timely filing a complaint for determination of dischargeability of the debt.  As previously explained, in a no-asset case, the time to file a proof of claim never expires.  Thus, the creditor would never be prevented from timely filing a proof of claim and the first condition would never be satisfied.  Section 523(a)(3)(B) would then have no more meaning in a no-asset case than section 523(a)(3)(A).  According this plain meaning to section 523(a)(3)(B) would create the inequitable result of allowing a fraud-type debt to be discharged in a no-asset case simply where the debtor omitted the debt from its schedules.  Congress would not have intended to leave this tool available to the unscrupulous debtor.
>
> Recognizing this result, the Bankruptcy Court for the District of Colorado looked to the legislative history of section 523(a)(3) and

5

found that the section was meant to except "debts from discharge if they were 'not scheduled in time to permit timely action by the creditor to protect his rights.'" *In re Padilla*, 84 B.R. 194, 196 (Bankr. D. Colo. 1987) (quoting H.R. REP. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6319; S. REP. No. 95-989 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5863-65). Therefore, to comport with the clear congressional intent, the court read the "and" as an "or" so that a fraud-type debt is nondischargeable if the creditor is prevented from protecting its rights by being prevented from timely filing a complaint to determine the dischargeability of the debt alone. *Id*. at 196.

*Keenom v. All Am. Mktg. (In re Keenom)*, 231 B.R. 116, 121 n.5 (Bankr. M.D. Ga. 1999). The Court agrees with the above reasoning and will also import "or" in lieu of "and" in Section 523(a)(3)(B) in order to effectuate congressional intent. Since the date for the timely filing of a proof of claim has not expired, as it never does in a no asset case, the Court will discuss whether Clarendon has been denied the opportunity to make "a timely request for a determination of dischargeability of such debt . . . "

Section 523(c)(1) provides:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Plainly stated, this section places a presumption of dischargeability in favor of the debtor, unless the creditor files an objection with the court and the court determines that the presumption has been rebutted. Bankruptcy Rule 4007(c) provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The initial date set for the first meeting of creditors

6

was November 21, 2005. The last day to object to dischargeability of a debt was January 16, 2006. Clarendon asserts that it was first made aware of the bankruptcy on February 13, 2006. Since Clarendon did not receive notice of the bankruptcy filing prior to January 16, 2006, and since more than 60 days has elapsed from the date set for the first meeting of creditors, Clarendon has been foreclosed from filing "[a] complaint to determine the dischargeability of a debt under § 523(c) . . . " Pursuant to these findings, Section 523(a)(3)(B) is triggered and applicable to the extent Clarendon properly alleges and proves that the debt owed it by the debtor falls under either Section 523(a)(2), (4), or (6).

THEREFORE IT IS ORDERED AND ADJUDGED that Clarendon National Insurance Company's motion to dismiss is DENIED since it did not need to seek leave of court to file an objection to dischargeability of its debt under 11 U.S.C. § 523(a).

Dated:   April 6, 2007

MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

7